

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34954-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RUSTY JOE ABRAMS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — In an unpublished decision, this court concluded that Rusty Abrams' convictions for second degree assault and third degree assault addressed the same conduct, violating the double jeopardy clause. It stated, "[w]e vacate Rusty Abrams' conviction for third degree assault" and "[w]e remand to the trial court for resentencing based on the vacation of the one conviction." *State v. Abrams,*

No. 32982-8-III, slip op. at 16 (Wash. Ct. App. Aug. 16, 2016) (unpublished),

http://www.courts.wa.gov/opinions/pdf/329828_unp.pdf.  Mr. Abrams appeals from the

judgment and sentence entered following remand.  We affirm but remand for correction

of a scrivener's error.

### PROCEDURE AND ANALYSIS

At the time of resentencing following our remand, the only disputed issue brought

to the attention of the court was whether Mr. Abrams was entitled to a full resentencing

or only a correction of the judgment and sentence.  Because the trial court listened to and

considered Mr. Abrams' arguments for a revised sentence, he has no complaint on that

score on appeal.

Instead, and for the first time on appeal, he complains about the manner in which

the trial court "deleted" the third degree assault count, which is what the prosecutor

explained to the trial court was required by our decision.  *See* Report of Proceedings

(November 22, 2016) at 8.  In the amended judgment and sentence, the trial court made

the following entry:

3.2 [X] The court *dismisses:*

| 2 | Assault in the Third Degree (Law Enforcement Officer) | 9A.36.031(1)(g) | C | 04/27/2014 |
|---|---|---|---|---|

***Pursuant to the Unpublished Opinion filed August 16, 2016 by the Court
of Appeals of the State of Washington-Division Three, and Mandate filed
September 22, 2016, Court No. 32982-8-III.***

Clerk's Papers at 7. Mr. Abrams argues that it was error for the court to dismiss, rather than vacate, his conviction on the third degree assault count. He also argues that while Section 2.4 of the amended judgment and sentence states that the jury's special interrogatory finding an aggravating factor is attached to the amended judgment and sentence, it is not, in fact, attached.

In arguing that it was error for the trial court to dismiss the third degree assault count, Mr. Abrams points us to *State v. Turner*, 169 Wn.2d 448, 465-66, 238 P.3d 461 (2010). In that case, our Supreme Court directed trial courts presented with the need to vacate a conviction on a lesser crime that is subject to a double jeopardy bar to no longer enter "conditional" vacation orders in anticipation of a possible reversal of the conviction for the greater crime. The vacated crime should not be treated as "'alive'" for the purpose of possible reinstatement or as "'entitled to some weight.'" *Id.* at 466. Instead, "the better practice will be for trial courts to refrain from any reference to the *possible reinstatement* of a vacated lesser conviction." *Id.* (emphasis added).

The trial court's amended judgment and sentence in this case does not run afoul of *Turner.* It does not state or imply that Mr. Abrams' conviction for the lesser crime remains alive for any purpose. As the State points out, the manner in which the trial court completed the amended judgment and sentence provides a more complete record of what happened to all of the crimes charged by the information and tried to the jury.

3

No. 34954-3-III
*State v. Abrams*

As for the oversight in not attaching the special interrogatory to the judgment and sentence, we remand so that the court can enter a corrective order.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, J.

WE CONCUR:

Fearing, C.J.

Lawrence-Berrey, J.

4